OPINION
Plaintiff-appellant, Stephen W. Bowlin, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division. The trial court reinstated appellant's original child support order after overruling a magistrate's order which had reduced appellant's support obligation.
Appellant and defendant-appellee, Delores Steele, were married on February 14, 1993. The parties were divorced on August 19, 1996. Appellant and appellee have one child, Stephen Blake Bowlin. At the time of the divorce, appellee was named the residential parent, subject to appellant's "Schedule B" visitation rights. Appellant was ordered to pay $87 per week in child support. This amount was based on the amount of yearly income listed on the child support worksheet. The worksheet reported appellant's income as $28,000 per year and appellee's income as $13,068 per year.
At the time of the divorce, appellant was employed as an assistant manager for Walgreen's. Appellant terminated his employment with that company in September 1998. On November 30, 1998 appellant filed a motion to decrease the amount of his child support obligation on the ground that he had suffered a decrease in income.
A hearing was held before a magistrate on January 20, 1999. Appellant testified that he left his position at Walgreen's because he was tired of retail management and wanted a career change. He was frustrated working nights and alternate weekends and with the responsibility of the management position. Appellant testified that he wanted to work in a factory position and was currently working for Olsten Staffing Services. He testified that he was assigned by Olsten to a position with the Valeo company and that he expected to be hired in a permanent position with Valeo at his current pay rate of $9.80 an hour.
The magistrate found that while appellant had voluntarily quit his job at Walgreen's, the termination was reasonable and would have occurred even if appellant had still been married to appellee. The magistrate determined that appellant's earnings now amounted to $19,434 per year and reduced appellant's child support obligation to $63 per week.
The Butler County Child Support Enforcement Agency ("CSEA") filed objections to the magistrate's order on behalf of appellee on February 5, 1999. The trial court conducted a hearing on March 15, 1999. By decision issued May 28, 1999, the trial court overruled the magistrate's decision and reinstated appellant's original support order. The trial court determined that the standard applied by the magistrate, that appellant reasonably quit his job and would have done so even if still married to appellee, is not the standard in Ohio. The trial court found that appellant was voluntary underemployed and concluded that his duty to pay child support should be tied to his ability to provide support for his child.
Appellant appeals the decision of the trial court and asserts the following assignment of error:
 THE TRIAL COURT ERRED IN REQUIRING INCOME TO BE IMPUTED TO THE APPELLANT IN THE ABSENCE OF ANY TESTIMONY REQUIRED UNDER SECTION 3113.215(A)(5)(A) OHIO REVISED CODE.
Appellant contends that the trial court erred in finding that his former salary should be imputed to him without considering his occupational qualifications or the prevailing job opportunities in the community where he resides, as required by R.C.3113.215(A)(5)(a). Appellant argues that there was no testimony regarding either of these factors and that the court erred in basing the imputed income solely on the amount of money appellant was making in his last employment.
R.C. 3113.215 defines the income of a parent who is unemployed or underemployed as "the sum of the gross income of the parent, and any potential income of the parent." For a parent who is voluntarily unemployed or voluntarily underemployed, potential income includes the imputed income the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings. R.C. 3113.215(A)(5)(a). The amount of potential income is determined "based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides." Id.
The determination of whether a parent is underemployed and the amount of the parent's potential income are matters to be determined by the trial court based on the facts and circumstances of each case. Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. The trial court's determinations will not be disturbed on appeal absent an abuse of discretion. Id. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The record reveals that appellant had been employed with Walgreen's for eleven years and could have continued in that position. However, appellant voluntarily quit his employment with Walgreen's because he was tired of working as an assistant manager in the retail business and wanted to work in a factory. Although he hoped to find a factory position with a comparable rate of pay, he accepted a job making less than his previous employment.
We find no abuse of discretion in the trial court's determination that appellant's income from his previous employment should be imputed to him and that the previous support order should be reinstated. The trial court was aware of the prevailing wages and job opportunities in the community from appellant's testimony regarding his employment at Walgreen's, a job which was available to appellant and for which he was qualified. Additional evidence on these factors was not necessary under the circumstances. There is competent evidence in the record to support the trial court's decision.
Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.